**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| QUENTIN I. JACKSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent.<br>_____ | 1:06-cr-00134-AWI<br>(1:10-cv-02224-AWI)<br><br>ORDER RE: CERTIFICATE OF<br>APPEALABILITY<br><br>(Doc. 121) |

The Court refers the parties to previous orders for a complete chronology of the proceedings. On December 6, 2007, petitioner Quentin I. Jackson ("Petitioner") was found guilty by a jury on one count of attempted bank robbery, three counts of armed bank robbery, four counts of carrying a firearm during a crime of violence and one count of interference with commerce by robbery. On March 3, 2008, Petitioner was sentenced to a total of 1070 months imprisonment followed by a 60-month term of supervised release. On November 29, 2010, following an unsuccessful appeal,[1] Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of trial and appellate counsel, prosecutorial and judicial misconduct and lack of jurisdiction by the trial court. The government filed its opposition to Petitioner's section 2255 motion on January 18, 2011. On July 17, 2012, the Court denied Petitioner's motion.

---

[1] *See U.S. v. Jackson,* 334 Fed.Appx. 119 (9th Cir. 2009)(unpublished)(affirming conviction).

Petitioner appealed the Court's denial of his 2255 motion to the United States Court of Appeals for the Ninth Circuit. On October 2, 2012, the appellate court remanded the case to this Court for the limited purpose of granting or denying a certificate of appealability.

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from– [¶] . . . [¶] (B) the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." *Id.*, § 2253(c)(2). "If a court denies a petitioner's petition," as here, "the court may only issue a certificate of appealability 'if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Melvin v. Clark,* slip copy, 2012 WL 4482038 (E.D.Cal. 2012), at *39 (citing *Miller-El v. Cockrell,* 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) and *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds no reasonable jurists could disagree with the Court's resolution of Petitioner's section 2255 motion or conclude the issues raised were adequate to deserve encouragement to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   October 5, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE