

FILED
JUL 07 2015
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 1:06-cr-00134-AWI |
|---|---|
| Plaintiff,<br>v. | **ORDER RE DEFENDANT'S NOTIFICATION OF NEWLY DISCOVERED EVIDENCE** |
| QUENTIN I. JACKSON, | **ORDER DENYING DEFENDANT'S MOTION FOR COURT INTERVENTION** |
| Defendant. | **ORDER DENYING DEFENDANT'S MOTION FOR JUDICIAL INTERVENTION** |
| | **ORDER DENYING DEFENDANT'S MOTION FOR JUDICIAL INTERVENTION** |
| | **ORDER DENYING DEFENDANT'S MOTION FOR COURT ORDER TO RECALL THE MANDATE** |
| | **ORDER DENYING DEFENDANT'S MOTION FOR SCHEDULE ORDER PERMISSION TO FILE** |
| | **ORDER DENYING DEFENDANT'S REQUEST REGARDING STATUS OF MOTIONS** |
| / | (Doc. #125, 126, 127, 128, 129, 130, 131, 132) |

1

## I. INTRODUCTION

Defendant Quentin I. Jackson ("Defendant") has filed a notification of newly discovered evidence (Doc 125), a motion for court intervention (Doc 126), two motions requesting judicial intervention (Doc 127 and 128), a motion for a court order to recall the mandate (Doc 129 and 130), and a motion for a schedule order and permission to file (Doc 131). Defendant also filed a motion regarding the status of his previous motions (Doc 132). For reasons discussed below, the motions shall be denied.

## II. BACKGROUND

On December 6, 2007, Defendant was found guilty of one count of attempted bank robbery, three counts of armed bank robbery, four counts of carrying a firearm during a crime of violence, and one count of interference with commerce by robbery. On March 3, 2008, Defendant was sentenced to a total of 1070 months imprisonment followed by a 60-month term of supervised release. On November 29, 2010, Defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 which the Court denied on July 19, 2012. Defendant appealed denial of the motion to the United States Court of Appeals for the Ninth Circuit. On October 2, 2012, the appellate court remanded the case to this Court for the purpose of granting or denying a certificate of appealability. On October 5, 2012, the Court declined to issue a certificate of appealability. On June 23, 2014, Defendant filed a "notification of newly discovered information." On July 7, 2014, Defendant filed a motion for court intervention alleging an "inability to access the court." On July 18, 2014, Defendant filed a motion for judicial intervention requesting "a copy of all documents related to newly discovered information concerning ineffective assistance of counsel." On August 15, 2014, Defendant filed a motion for judicial intervention "for appointment of counsel to obtain the records formerly in the possession of counsel." On September 29, 2014, Defendant filed a motion for a court order to recall the mandate and a motion for schedule order permission to file.

///

## IV. DISCUSSION

*1. Requests for certificate of appealability* – Defendant submitted a document entitled, "notification of newly discovered information." (Doc 125). Defendant claims the document is provided "tentative to a 'order to show cause' motion being filed for a 'certificate of appealability' to file a second successive 2255 motion." *Id* at 2. Defendant requests that the Court grant him six months to file an actual motion. *Id.* at 4. It is not clear what the purpose of Defendant's motion is. Defendant states the document is a "notification of newly discovered evidence" but the Court is not able to determine the purpose of such a notification. *Id* at 1. Based on Defendant's request that the Court grant six months to file the actual motion, it appears Defendant is asking for a certificate of appealability. Defendant also filed a "motion for schedule order permission to file" seeking a certificate of appealability and a schedule order to file supporting briefs and exhibits. (Doc 131). The motion does not explain what Defendant seeks to file but based on Defendant's previous motions it appears Defendant is seeking a certificate in order to file a second Section 2255 motion.

Generally, a petitioner is limited to one Section 2255 motion and can only bring a "second or successive motion" if the standards of Section 2255(h) are met. *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). Before a prisoner may bring a second or successive Section 2255 motion in a district court, a panel of the appropriate court of appeals must certify that the motion contains either, (1) newly discovered evidence or (2) a new rule of constitutional law. *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008); *see* 28 U.S.C. § 2255(h). A district court does not have jurisdiction to hear a second or successive Section 2255 petition absent certification from the court of appeals. *United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009)(citing *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007)(per curiam)).

Defendant must request authorization from the Ninth Circuit, not the district court. Since Defendant does not have authorization from the Ninth Circuit the Court does not have jurisdiction over Defendant's claims. Therefore, Defendant's motions requesting a certificate of appealability will be denied.

2. *Motion for court intervention* - Defendant filed a motion requesting court intervention alleging he has been unable to access the court "via a inability to obtain evidence of a alibi record." (Doc 126). Like the other motions, it is unclear what relief Defendant is requesting. From the Court's understanding, Defendant is requesting a subpoena to obtain evidence in order to file a second Section 2255 motion.

In *Hazel* the court dismissed the petitioner's Section 2255 motion for lack of jurisdiction because the petitioner had not obtained authorization from the appellate court to bring a second motion. *United States v. Hazel*, 2013 WL 1450908, at *1 (E.D. Va. Apr. 9, 2013) *appeal dismissed,* 539 F. App'x 164 (4th Cir. 2013). The court also dismissed petitioner's motion for discovery finding that with the dismissal of the Section 2255 motion there was no pending case before the court which would grant the court subject matter jurisdiction over the discovery motions. *Id.* at *2. Defendant has no case pending before this Court and no certificate from the Ninth Circuit allowing him to bring a second Section 2255 motion. The Court finds that until Defendant obtains authorization from the Ninth Circuit and files a Section 2255 motion, the Court does not have jurisdiction to consider Defendant's discovery motion.

3. *Motion for judicial intervention* – Defendant filed a motion seeking a "copy of all documents related to newly discovered information concerning ineffective assistance of counsel." (Doc 127). Defendant claims his attorney never informed him of an order assigning a circuit mediator to his case and that as a result he was substantially harmed. *Id* at 2. Defendant requests that he be provided a copy of all documents concerning, (1) the name and address of the negotiator, (2) the negotiation, (3) the report, and (4) the rules of mediation. *Id* at 3.

The confidentiality provision of Circuit Rule 33-1, states that "any communication made at any time in the Ninth Circuit mediation process" may be disclosed to "a client.... on a need-to-know basis, but only upon receiving assurance from the recipient that the information will be kept confidential." CTA9 Rule 33-1(c)(4)(B)(i). Defendant's appellate counsel appears to no longer be practicing law.[1] Accordingly, the Court will attach to this order all non-confidential

---

[1] Joan Jacobs Levie - #179787, http://members.calbar.ca.gov/fal/Member/Detail/179787

4

1 material Defendant is entitled to.[2] The Court does not have power to provide further
2 documentation regarding the mediation.

3 *4. Second motion for judicial intervention* - Defendant seeks, "appointment of counsel to obtain
4 the records formerly in the possession of counsel." (Doc 128). Defendant claims he needs access
5 to his lawyer's records, which are maintained by an unknown third party, in order to file a
6 second Section 2255 motion. *Id.* at 2. Defendant requests that the court "provide the defendant...
7 access to his court records with appointment of counsel to obtain those records." *Id.* at 3. This
8 motion, like the motion for a subpoena, concerns Defendant's potential second Section 2255
9 motion. The Court finds that it lacks jurisdiction to consider this motion because the Court does
10 not have jurisdiction over Defendant's Section 2255 claims absent authorization from the Ninth
11 Circuit.

12 *5. Motion for court order to recall the mandate* – Defendant states he seeks a "court order that
13 may be appealed to the U.S. Supreme Court not a letter from the clerk of the court." (Doc 129).
14 Defendant claims the denial of his appeal is defective since he was not given access to a
15 mediator and as such the mandate must be recalled. *Id.* at 2. Defendant requests that the Court,
16 "accept this motion as filed 'pro se' as the only order this court can accept when a defendant is
17 represented by counsel and the mandate is final is a 'motion to recall the mandate.' " *Id.* at 4.
18 Defendant also requests permission to file a "pro se brief with exhibits." *Id.*

19 The Court is not able to determine what relief Defendant is seeking and what the purpose of
20 the motion is. It is unclear why Defendant seeks permission to file a "pro se brief with exhibits"
21 or what the purpose of such a brief would be. The only request the Court is able to construe from
22 the motion is a request to recall the mandate issued by the Ninth Circuit on November 16, 2009.
23 Courts of appeals have the power to recall their mandates. *Calderon v. Thompson*, 523 U.S. 538,
24 549 (1998). The power to recall a mandate is limited and an appellate court will only exercise the
25 power when good cause or unusual circumstances exist. *Nevius v. Sumner*, 105 F.3d 453, 460
26

---

27 [2] Defendant received a copy of his file from appellate counsel which likely included the attached documentation.
28 (Doc 106).

5

(9th Cir. 1996). This Court does not have the power to recall a mandate issued by an appellate court.

7. *Status of motions* – Defendant's request regarding the status of his motions will be denied as moot since Defendant's motions will be denied. (Doc 132).

## V. DISPOSITION

Based on the foregoing, Defendant's motions (Docs 125-132) are denied. The Clerk of the Court is respectfully directed to mail Docket Entries 35, 36, 39, 40, and 41 of the Ninth Circuit, Case Number 08-10105, to the Defendant; the Clerk of the Court is also respectfully directed to mail Ninth Circuit Rule 33-1 to the Defendant.

IT IS SO ORDERED

Dated: July 7, 2015

_____
SENIOR DISTRICT JUDGE

6